# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE M. ELLISON, | NO. CV 07-4943 ABC (FMO) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| LINDA SANDERS, Warden, | |
| Respondent. | |

The court has jurisdiction over habeas petitioners under 28 U.S.C. § 2241, which provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). Subject matter jurisdiction over petitions filed under 28 U.S.C. § 2241 exists only when the petitioner is "in custody" under the challenged action at the time the petition is filed. See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925 (1989). Furthermore, the "in custody" requirement divests federal courts of jurisdiction over petitions once the petitioner is no longer "in custody." See <u>Cox v. McCarthy</u>, 829 F.2d 800, 803 (9th Cir. 1987) (district court lacked habeas jurisdiction because petitioners had already served additional terms and been released on parole and therefore action challenging imposition of additional terms was moot).

On July 31, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241. In the Petition, petitioner does not challenge

the validity of a criminal conviction, but rather, he challenges the execution of his sentence. (See Petition at 3.). The court has recently received information that petitioner was released from respondent's custody on or about March 14, 2008. Petitioner's release, which likely means that he is no longer "in custody," may render this action moot. See Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir. 1986) (habeas petition challenging imposition and duration of sentence becomes moot upon release from custody); see also Spencer v. Kemna, 523 U.S. 1, 14, 118 S.Ct. 978, 986 (1998) (habeas petition challenging a parole revocation decision becomes moot when the term of incarceration connected to the revocation decision expires unless there is an affirmative showing of specific collateral consequences).

However, before taking affirmative steps to dismiss the case, the court will afford the parties the opportunity to address whether there are any continuing collateral consequences as a result of petitioner's incarceration sufficient to satisfy the "case or controversy" requirements of Article III, § 2 of the United States Constitution.

Accordingly, IT IS ORDERED THAT:

1. Should petitioner wish to contend that this action has not been rendered moot by his release, he shall, no later than **April 22, 2008**, file with the court and serve on respondent a Memorandum Re: Change in Custody Status ("Memorandum"), setting forth all collateral consequences resulting from his incarceration by respondent that he believes still exist. The court will construe the absence of any response from petitioner as evidence that he does not object to the dismissal of this action on mootness grounds.

2. Respondent shall file a Response to petitioner's Memorandum no later than **May 2, 2008.**
Dated this 9th day of April, 2008.

/s/
Fernando M. Olguin
United States Magistrate Judge